LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective*
*Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ELISA MUNGUIA, *on behalf of herself, FLSA Collective Plaintiffs and the Class,*<br><br>Plaintiff,<br><br>v.<br><br>PUP CULTURE LLC<br>    d/b/a PUPCULTURE,<br>PUPCULTURE DUMBO LLC<br>    d/b/a/ PUPCULTURE DUMBO,<br>PUPCULTURE FIDI LLC<br>    d/b/a/ PUPCULTURE FIDI,<br>PUPCULTURE TRIBECA LLC<br>    d/b/a/ PUPCULTURE TRIBECA,<br>PUPCULTURE UWS LLC<br>    d/b/a/ PUPCULTURE WEST 57,<br>JOHN DOE CORPORATION<br>    d/b/a PUPCULTURE SOHO,<br>and IBRAHIM ALIMIMEH,<br><br>Defendants. | Case No.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff, ELISA MUNGUIA ("Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorneys, hereby files this class and collective action Complaint against Defendants, PUP CULTURE, LLC d/b/a PUP CULTURE, PUPCULTURE DUMBO LLC d/b/a/ PUPCULTURE DUMBO, PUPCULTURE FIDI LLC d/b/a/ PUPCULTURE FIDI, PUPCULTURE TRIBECA LLC d/b/a/ PUPCULTURE TRIBECA, PUPCULTURE UWS LLC d/b/a/ PUPCULTURE WEST 57, and JOHN DOE CORPORATION

d/b/a/ PUPCULTURE SOHO ("Corporate Defendants"), and IBRAHIM ALIMIMEH ("Individual Defendant," and together with the Corporate Defendants, the "Defendants") and states as follows:

## INTRODUCTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), that she and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to time-shaving; (2) liquidated damages; and (3) attorney's fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), she and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to time-shaving; (2) statutory penalties; (3) compensation for late payment of wages; (4) liquidated damages; and (5) attorney's fees and costs.

3.      Plaintiff further alleges that, she and others similarly situated are entitled to recover reimbursement for their accrued and unused paid-time-off, which Defendants refuse to compensate upon an employee's separation in violation of their terms of employment.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

6.      Plaintiff, ELISA MUNGUIA, is a resident of Brooklyn, New York.

7.    Defendant, PUPCULTURE LLC d/b/a PUP CULTURE is a domestic business corporation organized under the laws of New York, with an address for service of process at 521 Broome Street, New York, New York 10013. Upon information and belief, Defendant PUPCULTURE LLC, is the parent company for all of the Corporate Defendants that own and operate day care services for dogs under the common brand Pupculture. Such services are provided in the facilities located at the following addresses:

   a.  645 West 57th Street, New York, NY 10019 ("Pupculture West 57")

   b.  149 Plymouth Street, Brooklyn, NY 11201 ("Pupculture Dumbo")

   c.  521 Broome Street, New York, NY 10013 ("Pupculture Soho")

   d.  170 Hudson Street, New York, NY 10013 ("Pupculture Tribeca")

   e.  21 Murray Street, New York, NY 10007 ("Pupculture FIDI")

       (Collectively, the "Facilities").

       *See* **Exhibit A.**

8.    At all relevant times, Corporate Defendants own and operate the Facilities as a single integrated enterprise under the trade name "Pupculture" in the State of New York. All of the Corporate Defendants are interrelated to one another and are owned by Corporate Defendant PUPCULTURE LLC:

   a.  Each of the Facilities is advertised and marketed jointly on Defendants' website located at http://www.pupculture.com/. *See* **Exhibit B.**

   b.  All of the Facilities are owned and operated by Defendants under the same brand name and logo. *See id.*

   c.  All of the Facilities use a central marketing department, HR Department, and administration department. *See* **Exhibit C**. This may be seen from Defendants

3

single career page, where Defendants' centralized administrative departments receive applications and assign new hires to the Facilities.

d. All of the Facilities provide the same types of services such as dog walking, dog grooming, dog daycare, and boarding. *See* **Exhibit D**.

e. All the Facilities share the same Facebook and Instagram, using the same brand name and logo of Pupculture. *See* **Exhibit E.**

f. Defendants' website accepts registrations for services, such as dog walking, dog grooming, dog daycare, and boarding for all of the Facilities. *See* **Exhibit F.**

g. Most Facilities share common operating hours, which are from 7:00 a.m. to 8:00 p.m. during the weekdays, and 7:00 a.m. to 7:00 p.m. during the weekends, with the exclusion of the Pupculture West 57 Facility which have the operating hours from 7:00 a.m. to 7:00 p.m. during the week and 7:00 a.m. to 7:00 p.m. during the weekend. *See* **Exhibit G.**

h. All employees are interchangeable between Defendants' Facilities.   In fact, Plaintiff herself was assigned to work at multiple facilities during her employment.

i. Individual Defendant Ibrahim Alimimeh is the owner of all Corporate Defendants and Facilities.

9.     Defendant, PUPCULTURE DUMBO LLC d/b/a/ PUPCULTURE DUMBO is a domestic limited liability company organized under the laws of New York. The address for service of process for PUPCULTURE DUMBO LLC is 1060 Broadway, 3001, Albany, New York 12204. The named recipient for service of process for Defendant PUPCULTURE DUMBO

LLC is Ibrahim Alimimeh. PUPCULTURE DUMBO LLC owns, controls, and operates the Pupculture Dumbo Facility.

10.     Defendant, PUPCULTURE FIDI LLC d/b/a/ PUPCULTURE FIDI is a domestic limited liability company organized under the laws of New York. The address for service of process for PUPCULTURE FIDI LLC is 521 Broome Street, New York, NY 10013. The named recipient for service of process for Defendant PUPCULTURE FIDI LLC is Ibrahim Alimimeh. PUPCULTURE FIDI LLC owns, controls, and operates the Pupculture FIDI Facility.

11.     Defendant, PUPCULTURE TRIBECA LLC d/b/a/ PUPCULTURE TRIBECA is a domestic limited liability company organized under the laws of New York, with the address for the service of process at 60 Horatio St., New York, NY 10014. PUPCULTURE TRIBECA LLC owns, controls, and operates the Pupculture Tribeca facility.

12.     Defendant, PUPCULTURE UWS LLC d/b/a/ PUPCULTURE WEST 57 is a domestic limited liability company organized under the laws of New York. The address for Service of Process is 60 Horatio St., New York, NY 10014. The named recipient for the service of process for Defendant PUPCULTURE UWS LLC is Ibrahim Almimeh. PUPCULTURE UWS LLC owns, controls, and operates the Pupculture West 57 Facility.

13.     Defendant, JOHN DOE CORPORATION d/b/a/ PUPCULTURE SOHO is a domestic limited liability company organized under the laws of New York. JOHN DOE CORPORATION owns, controls, and operates PUPCULTURE SOHO.  The identity of JOHN DOE CORPORATION will be determined over the course of discovery in this lawsuit, and a subsequent amended complaint will be filed to identify such entities.

14.     Defendant IBRAHIM ALIMIMEH, is the Owner of Corporate Defendants. IBRAHIM ALIMIMEH exercised control over the terms and conditions of the employment of

Plaintiff, FLSA Collective Plaintiffs and Rule 23 Class members. IBRAHIM ALIMIMEH had the power and authority to (i) fire and hire; (ii) determine rate and method of pay; (iii) determine work schedules; and (iv) otherwise effect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Rule 23 Class members. He also had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and the Rule 23 Class members. He routinely visited the Pupculture Facilities to regularly and directly reprimand any employees who did not perform their duties correctly. Individual Defendant IBRAHIM ALIMIMEH ensured that managers implement Defendants' employment policies and pay practices and direct employees to effectively complete their job duties so that Corporate Defendants are operating efficiently and profitably. Defendant IBRAHIM ALIMIMEH often appeared at the Facilities to directly manage employees and give direction to managers. Defendant IBRAHIM ALIMIMEH would instruct employees on duties and directly managed short-staffing and over-staffing by re-assigning employees to other duties.

15.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees employed by Defendants, (including receptionists, pet groomers, kennel attendants, pet sitters, and dog walkers employed by Defendants on or after the date that is three (3) years before the filing of the Complaint ("FLSA Collective Plaintiffs")).

17.     At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and

have been and continue to be subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all of which have culminated in a willful failure and refusal to pay Plaintiff and other FLSA Collectives for all hours worked, including overtime premiums at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek, due to Defendants' policies of time shaving. The claims of Plaintiff stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

18.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

### RULE 23 CLASS ALLEGATIONS – NEW YORK

19.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all current and former non-exempt employees of by Defendants, (including but not limited to receptionists, pet groomers, kennel attendants, pet sitters, and dog walkers employed by Defendants on or after the date that is six (6) years before the filing of the Complaint (the "Class Period")).

20.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are able to be determined from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determined from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

21.     Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All Class members were subject to the same corporate practices of Defendants, as alleged herein, of: (i) failing to pay all wages owed to Class members, including overtime premiums, due to Defendants' practice of time-shaving; (ii) failing to provide timely payment of wages in violation of NYLL, (iii) failing to provide Class members with proper wage statements with every payment of wages; and (iv) failing to properly provide wage notices to Class members, at date of hiring and annually, per requirements of New York Labor Law. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

22.     The proposed Class is numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently based is within the sole control of Defendants. There is no doubt that there are more than forty (40) members of the Class.

23.     Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

24.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiff in wage and hour cases.

25.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

26.    Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their

employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

27.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.     Whether Defendants employed Plaintiff and the Class within the meaning of New York Labor Law;

b.     What were and are the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and the Class members;

c.     At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and the Class members for their work;

d.     Whether Defendants properly notified Plaintiff and Class members of hourly rate and overtime rate;

e.     Whether Defendants provided proper wage statements informing Plaintiff and Class members of their proper overtime rate of compensation and other information required to be provided on wage statements, as required under New York Labor Law;

f.     Whether Defendants provided Plaintiff and Class members proper wage statements with each payment of wages, as required under New York Labor Law;

g.     Whether Defendants provided proper wage notice, at date of hiring and annually thereafter, to all non-exempt employees per requirements of the New York Labor Law;

h.    Whether Defendants properly disbursed earned vacation time to Class members in accordance with their terms of employment;

i.    Whether Defendants properly compensated Plaintiff and Class members for all hours worked; and

j.    Whether Defendants properly disbursed earned PTO payments to Class members in accordance with NYLL and Class members terms of employment.

k.

l.    Whether employees are manual laborers pursuant to NYLL, who are required to be paid weekly

## STATEMENT OF FACTS

28.    In or about May 2021, Plaintiff ELISA MUNGUIA was hired by Defendants to work as a Receptionist at Defendants' Pupculture Tribeca Facility which is located at 170 Hudson Street, New York, NY 10013.

29.    During the course of her employment with Defendants, Plaintiff MUNGUIA was transferred to work at Defendants' Pupculture FIDI Facility, located at 21 Murray Street, New York, NY 10007, for approximately a month. After working at the Pupculture FIDI Facility for a month, Plaintiff MUNGUIA was transferred back to work at the Pupculture Tribeca Facility.

30.    On February 18, 2022, Defendants terminated Plaintiff MUNGUIA's employment with Defendants when Plaintiff MUNGUIA requested to use her paid-time-off, which she accrued during her employment with Defendants.  When her employment was terminated, Plaintiff was not compensate for this accrued paid-time-off pursuant to NYLL and the terms of her employment.  Terminated Class members with accrued paid-time-off would be similarly deprived this owed compensation.

31.     For most her employment with Defendants, Plaintiff's schedule fluctuated. Generally, Plaintiff had two scheduled shifts: (i) Shift 1: scheduled shift that lasted from 12:00 p.m. to 8:00 p.m. and (ii) Shift 2: scheduled shift that lasted from 11:00 a.m. to 7:00 p.m. Plaintiff worked at five (5) days a week, with daily shift varying between Shift 1 or Shift 2. Additionally, between one (1) and two (2) times per week, Defendants required Plaintiff to work a double shift, which lasting from 8:00 a.m. to 8:00 p.m. on weekdays, or 8:00 a.m. to 7:00 p.m. on Sundays. Further, once or twice per month, Plaintiff ELISA MUNGUIA was required to work six (6) days in a week.

32.     Throughout her employment with Defendants, Plaintiff ELISA MUNGUIA was paid at a base rate of $18.00 per hour.

33.     Throughout Plaintiff's employment, Defendants instituted an unlawful policy which prohibited employees from clocking in if they were even one (1) minute late to work. Employees who were late would be required to wait a half-hour prior to clocking-in. Consequently, every time Plaintiff or Class Members were even one (1) minute late, Defendants required them to wait up to thirty (30) minutes without any compensation.

34.     Further, Defendants deducted from Plaintiff and Class Members compensable time one (1) to two (2) hours a week, and in some cases, an entire day's worth of work.

35.     As a result of Defendants' wrongful policies, Plaintiff, FLSA Collective Plaintiffs, and Class members were not paid for all hours worked, including overtime premium, due to time-shaving implemented by not paying Plaintiff, FLSA Collective Plaintiffs and Class Members for the time they spent waiting to clock in.

36.     Defendants failed to properly provide Plaintiff and Class members with proper wage notices when they were hired and annually thereafter. Plaintiff did not receive any wage notice either upon being hired or annually since the date of hiring.

37.     Pursuant to Defendants' paid-time-off policies, Plaintiff and Class members accrued paid-time-off over the course of their employment. At the time Plaintiff provided her notice to take the vacation, Plaintiff had accrued paid-time-off pursuant to Defendants' policies. Despite the fact that Defendants' paid-time-off and/or resignation policy never specified that Plaintiff and Class members were not entitled to a disbursement of accrued time upon their separation from Defendants, Defendants refused to provide any Class members, including Plaintiff, such earned paid-time-off.

39.     Defendants did not provide Plaintiff and Class members with proper wage statements for all relevant times. Class members also did not receive proper wage statements, in violation of NYLL, as Defendants did not account for all compensable hours of Plaintiff, FLSA Collective Plaintiffs, and the Class members.

40.     Defendants knowingly and willfully operated their business with a policy of not properly compensating Plaintiff, FLSA Collective Plaintiffs, and Class members for all their hours worked, including overtime, at either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half). Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under New York Labor Law.

41.     In failing to provide proper wage statements and notices, Defendants have failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York State legislature.   Defendants' failure to provide such notices

trivializes the importance of these notices in protecting Plaintiffs' interest in ensuring proper pay. Despite Defendants' conduct, there is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. *See* N.Y. Spons. Mem., 2010 S.B. 8380. Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely.

42.     Here, Defendants' failure goes beyond generating a risk of harm to Plaintiff and Class members. Defendants' conduct actually harmed Plaintiff and Class members. Defendants' failure to provide paystubs listing all hours and rates of pay, including overtime hours and overtime rates, deprived employees of the ability to contest Defendants' calculations, allowed Defendants to hide their wrong-doing, and necessitated the current litigation to vindicate Plaintiff and Class members' rights. This conduct ensured Defendants' ability to further delay providing proper compensation to low wage earners entitled to protection under federal and state law. Moreover, Defendants failure to provide wage notices allowed Defendants to hide the proper frequency of pay to employees. Defendants' failure to provide a wage notice to employees allowed Defendants to hide their responsibility and deprive employees of timely compensation.

43.     Due to Defendants' failure to provide legally mandated notices such as earning statements and wage notices, Defendants were able to hide their wrongdoing from employees, and continue to attempt to hide their wrongdoing necessitating the current litigation. The failure to provide NYLL notices continues to result in delayed payment of all proper wages owed to Plaintiff and Class members. This delayed payment caused Plaintiff to struggle to timely pay

bills.   Class members similarly struggle to timely pay debts due to Defendants continued attempts to hide wrongdoing from employees.

44.    Throughout her employment, Defendants regularly failed to pay Plaintiff her wages within seven (7) days of the end of the week in which Plaintiff earned them, in violation of NYLL § 191(1)(a)(i).[1] Defendants would provide Plaintiff her wages biweekly despite NYLL requiring employees like Plaintiff be compensated on a weekly basis.   Therefore, Plaintiff and Class Members are owed liquidated damages equal to the late payment of wages and accrued interest on the delayed payments.

45.    Under New York Labor Law, all 'manual worker(s)' must be paid on a weekly basis.   Pursuant to the New York State Department of Labor, manual workers includes non-exempt employees who spend more than twenty-five percent (25%) of their working time performing physical labor.   Here, the Class members spent most of their day engaged in physical labor. Among other activities, Plaintiff and the Class engaged in the following: (i) taking care of the animals in the kennel, (ii) receiving animals upon arrival patients to the Facilities, (iv) gathering and preparing grooming and care kits; (v) keeping the Facility clean and clear of any garbage; (vii) ensuring adequate stock of supplies; (ix) performing periodic cleaning and maintenance of the Facilities.

46.    Though Plaintiff herself was titled to be as a receptionist, employees would all work side-by-side in the Facilities and everyone did the jobs of everyone else over the course of a day.

---

[1] *See Vega v. CM & Assoc. Constr. Mgmt., LLC*, 2019 NY Slip Op 06459, ¶¶ 1-2, 175 A.D.3d 1144, 1145-46, 107 N.Y.S.3d 286, 287-88 (App. Div. 1st Dept.)

47.    Further, manual workers generally include those employees, like Plaintiff and Class members, whose labor is easily interchangeable with other able-bodied individuals.  As workers earning only slightly above minimum wage, the jobs market itself demonstrates the interchangeability of Class members.  NYLL §191 was passed to protect individuals in the types of low-wage, interchangeable jobs occupied by Plaintiff and the Class.  Plaintiff and the Class hold positions with Defendants which are easily trained and may be easily replaced by other able-bodied workers. The ease of replacement and low-wages of Plaintiff and the Class make them dependent upon their weekly earnings.  This dependance and lack of job security, places Plaintiff and the Class directly in the category of workers that NYLL intended to protect by ensuring they receive their wages on a weekly basis.

48.    That Plaintiff and the Class members were engaged in easily trained, easily replaceable positions is clearly demonstrated by their earnings.   During her employment, Plaintiff earned $18.00 an hour, a figure lower than the average individual employed in New York State as a janitor, pest control worker, tree trimmer, lawn supervisor, or waiter. [2] Employees in those positions in New York State earned over $19.00 an hour on average.  The jobs market itself demonstrates that Plaintiff, who worked in New York City for $18.00 an hour, was not employed in a highly skilled position.  Given the low-wages of the Class and realities of the Class's daily work, Class members must be afforded the protections provided under NYLL §191.

---

[2] https://www.bls.gov/oes/current/oes370000.htm; https://www.bls.gov/oes/current/oes353031.htm#st.

49.     Due to Defendants' improper, untimely bi-weekly payments, Class members would struggle to timely pay her own bills.  Class members would be forced to pay rent and credit-card bills late as she waited for her owed compensation to become available.

50.     Defendants failed to provide proper wage notices to employees, including rate of overtime compensation, among others, at the beginning of employment and annually thereafter, pursuant to the requirements of New York Labor Law.

51.     Due to these unlawful acts of Defendants, Plaintiff suffered liquidated damages in an amount not presently ascertainable. In addition, Plaintiff is entitled to reasonable attorney's fees, statutory penalties and costs and disbursements of the action, pursuant to NYLL.

52.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF FAIR LABOR STANDARDS ACT

53.     Plaintiff repeats each and every previous allegation in this class and collective action Complaint as if fully set forth herein.

54.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

55.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of FLSA.

56.     At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.

57.     At all relevant times, Defendants had a policy and practice of failing to pay wages for all hours worked.

58.     At all relevant times, Defendants willfully violated Plaintiff's and FLSA Collective Plaintiffs' rights by failing to pay them wages in the lawful amount for all hours worked, including those in excess of forty (40) hours worked each week, due to time-shaving.

59.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will seek leave of Court to amend this Complaint to set forth the precise amount due. Defendants knowingly and willfully disregarded the provisions of FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked when Defendants knew or should have known such was due.

60.     At all relevant times, Defendants had a policy and practice of failing to pay the proper overtime premium to FLSA Collective Plaintiffs for their hours worked.

61.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under FLSA.

62.     As a direct and proximate result of Defendants' willful disregard of FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to FLSA.

63.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT II**

**<u>VIOLATION OF NEW YORK LABOR LAW</u>**

64.     Plaintiff repeats each and every previous allegation in this class and collective action Complaint as if fully set forth herein.

65.     At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of New York Labor Law, §§ 2 and 651.

66.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and Class Members for all hours worked, including at the statutory rate of time and one-half the regular rate for overtime hours worked, due to Defendants' policy of time-shaving.

67.     Furthermore, Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay them their wages within seven (7) days of the end of the week in which they were earned, in violation of NYLL § 191(1)(a)(i).

68.     Defendants failed to provide a proper wage and hour notice, on the date of hiring and annually, to Plaintiff and Class Members, in direct violation of New York Labor Law.

69.     Defendants failed to provide proper wage statements with every payment issued to Plaintiff and Class Members, as required by New York Labor Law § 195(3).

70.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law.  Defendants are

required to provide itemized listings of deductions taken on each wage statement. Moreover, with respect to <u>all</u> employees, Defendants failed to provide wage statements that satisfied statutory requirements under the NYLL because the wage statements were missing Defendants' telephone phone numbers and because Defendants failed to disclose the proper overtime rate of pay and overtime hours worked.

71.     Defendants knowingly and willfully operated their business with a policy of not providing all non-exempt employees proper wage notice, at date of hiring and annually thereafter, as required under New York Labor Law.

72.     Due to Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants unpaid overtime premium, compensation for the time they spent waiting to clock in, damages for unreasonably delayed payments, reasonable attorney's fees, liquidated damages, statutory penalties, and costs and disbursements of the action, pursuant to New York Labor Law.

**COUNT III**

**BREACH OF CONTRACT**

73.     Plaintiff repeats each and every previous allegation in this class and collective action Complaint as if fully set forth herein.

74.     Unless an employer's paid-time-off and/or resignation policy specifies, in writing, that employees lose accrued benefits upon termination of employment, earned vacation time must be paid out to departing employees. *See Glenville Gage Company, Inc. v. Industrial Board of Appeals of the State of New York, Department of Labor*, 70 AD 2d 283 (3d Dept 1979).

75.     Defendants' written, oral and/or implied paid-time-off policies required the disbursement of earned vacation to departing employee and/or was silent on this issue.

20

76.      Defendants failed to provide compensation to the Class members upon their departure from Defendants' employment.

77.      Plaintiff and Class members have at all times performed all conditions, covenants, and promises required with their explicit and/or implicit employment terms and have never been in breach of the same.

78.      By failing to compensate the paid-time-off earned by Plaintiff and Class members, Defendants failed to provide full earned compensation to Plaintiff and Class members in breach of the terms of their employment.

79.      The elements for cause of action for breach of contract are: (1) formation of a contract between the parties; (2) performance by one party; (3) failure to perform by another party; and (4) resulting damage.

80.      At the time Plaintiff's employment was terminated, Plaintiff was entitled to earned paid-time-off. Upon Plaintiff's termination, Defendants failed to provide all owed compensation. Class members were similarly not compensated by Defendants.

81.      At no point of Plaintiff's employment with Defendants, Plaintiff or Class members explicitly informed that they would lose accrued paid-time-off benefits when their employment with Defendants terminated.

82.      As a result of said breach, Plaintiff and Class members owed money damages for Defendants failure to provide reimbursement for unused vacation accrued by Plaintiff and Class members at the time their employment with Defendants concluded.

## COUNT IV

## N.Y. BUS. CORP. LAW § 630(A) AND/OR NEW YORK LIMITED LIABILITY COMPANY LAW § 609(C)

83.     Plaintiff realleges and reavers by reference all allegations in all the preceding paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

84.     Pursuant to N.Y. Bus. Corp. Law § 630(a) and/or New York Limited Liability Company Law § 609(c), Plaintiff and Class members intend to hold liable the 10 largest shareholders of Defendant(s) should the Defendant(s) be unable to satisfy any judgment entered in or relating to this matter.

85.     Plaintiff and Class members intends to hold the 10 largest shareholders liable under N.Y. Bus. Corp. Law § 630(a) and/or New York Limited Liability Company Law § 609(c) in their capacity as shareholders for all wages, debts, or salaries due to Plaintiff and Class members.

86.     Further, pursuant to N.Y. Bus. Corp. Law § 630(a), Plaintiff and Class members demand an examination of the record of shareholders under paragraph (b) of section 624 (Books and records; right of inspection, prima facie evidence).

87.     Upon an unsatisfied judgement against Defendant(s) in this matter, Plaintiff and Class members will be entitled to recover the full amount of owed monies from the 10 largest shareholders of Defendant(s).

88.     This count shall serve as written notice to the 10 largest shareholders of Defendant(s), who as of today remain unidentified to Plaintiff and Class members.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of herself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a.     A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

b.   An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.   An award of all unpaid waves, including overtime compensation, due to Defendants' policy of time-shaving under FLSA and NYLL;

d.   An award of statutory penalties as a result of Defendants' failure to comply with wage notice and wage statement requirements under NYLL;

e.   An award for compensation proportionate to the accrued paid-time-offPlaintiff and Class members earned during their employment with Defendants;

f.   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to New York Labor Law;

g.   An award of liquidated damages and interest for each late payment of wages pursuant to NYLL § 191(1)(a)(i);


h.   An award of prejudgment and post-judgment interest, costs and expenses of this action, together with reasonable attorney's and expert fees and statutory penalties;

i.   Designation of Plaintiff ELISA MUNGUIA as Representative of FLSA Collective Plaintiffs;

j.   Designation of this action as a class action pursuant to F.R.C.P. 23;

k.   Designation of Plaintiff ELISA MUNGUIA as Representative of the Class; and

l.   Such other and further relief as this Court deems just and proper.

23

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.


Dated: July 6, 2022                          Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs, and the Class*

By: /s/ *C.K. Lee*
    C.K. Lee